NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 8, 2018[*]
Decided August 9, 2018

### Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 18-1444 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| ROBERT CRUM, *Plaintiff-Appellant,* | |
| *v.* | No. 16 C 8951 |
| ADVOCATE NORTH SIDE HEALTH NETWORK, *Defendant-Appellee.* | Manish S. Shah, *Judge.* |

### Order

Advocate North Side Health Network fired Robert Crum in June 2016, when he was 62. Crum contends that this violates the Age Discrimination in Employment Act. 29 U.S.C. §§ 621–34. He also alleges that he suffered from a work environment hostile to older people and that the employer retaliated against him for presenting claims of discrimination.

---

[*] The court granted the parties' requests to waive oral argument.

The district court awarded summary judgment to Advocate. 2018 U.S. Dist. LEXIS 30141 (N.D. Ill. Feb. 26, 2018). We affirm, substantially for the reasons the district judge gave.

Crum's lead argument on appeal is that a continuing-violation doctrine required the district court to consider disciplinary actions, and denials of requests for transfers or promotions, that occurred more than 300 days before his charge of discrimination. But *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), holds that there is no general continuing-violation doctrine in the federal law of employment discrimination. Each discrete act carries its own period of limitations. *Id*. at 110–15. Hostile-environment claims are considered cumulatively (so the court considers the whole course of conduct, not just conduct within 300 days of the charge), *id*. at 115–21, and the district judge complied with that rule. He held that the hostile-environment claim fails, not because made too late, but because the evidence of record would not permit an inference that the workplace environment had anything to do with Crum's age.

Crum's other arguments are well covered by the district court's opinion.

AFFIRMED